UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SPORTS GARTEN LLC,

                           Plaintiff,                    **REPORT AND RECOMMENDATION**

   -against-                                        20-CV-5617 (ENV) (ST)

SUNDAY NIGHT PRODUCTIONS, INC.,

                           Defendants.
------------------------------------------------------------X
**TISCIONE, United States Magistrate Judge:**

      Before the Court is a motion for sanctions brought by Sunday Night Productions, Inc. ("Defendant") against Sports Garten LLC ("Plaintiff"), seeking a default judgment for failure to comply with discovery obligations pursuant to Federal Rule of Civil Procedure ("FRCP") 37 and dismissal for failure to prosecute pursuant to FRCP 41(b). For the reasons set forth below, the Court respectfully recommends that Defendant's motion be GRANTED.

## BACKGROUND

      Plaintiff commenced this action on November 18, 2020, alleging multiple trademark violations committed by Defendant in violation of the Lanham Act, 15 U.S.C. §§ 1114 *et seq*. According to Defendant, Plaintiff shortly thereafter repeatedly and consistently failed to comply with discovery obligations and failed to prosecute its claim. For the sake of clarity, this statement of background facts will summarize Defendant's allegations and then detail Plaintiff's response.

      On four separate occasions between July and October of 2021, Plaintiff failed to comply with Defendant's discovery requests by the relevant deadlines. Margiotta Decl. at ¶¶ 2-5, ECF No. 35-2. Plaintiff demonstrated a pattern of missing deadlines and only seeking extensions after Defense counsel had reached out regarding the missed deadlines. *Id*. These initial failures to produce discovery responses in a timely manner led to Defendant's first motion to compel, which

this Court granted, ordering Plaintiff to satisfy any outstanding document requests by February 4, 2022. *Id* at ¶ 6. Plaintiff failed to comply with that deadline, instead providing its response on February 7, again with no request for an extension, and admitted that its responses were incomplete. Id at ¶ 7. This Court granted Plaintiff an extension for two weeks on February 15, 2022, which Plaintiff again failed to comply with. *Id* at ¶ 8.

After additional missed deadlines, Plaintiff provided 8,000 document responses to Defendant's discovery requests which were not Bates stamped and were not narrowed by relevance to Defendant's actual discovery request. *Id* at ¶¶ 10-11. The Court ordered Plaintiff to provide relevant emails appropriately Bates stamped. *Id* at ¶ 12. While Plaintiff provided its response in a timely manner, its second submission was even larger, and in fact appeared to add more unresponsive documents. *Id* at ¶ 13. Within the documents provided are emails clearly marked as spam, calendar invitation invites, blank pages, pages with only shapes or images on them, or documents otherwise unresponsive to Defendant's requests. *Id* at ¶ 15. In total, Plaintiff has failed to comply with five orders from this Court despite warnings that continued failure may lead to sanctions up to and including default judgment. *See e.g.*, ECF No. 30.

Plaintiff does not dispute that these deadlines were missed. Instead, Plaintiff's counsel includes a declaration with her briefing providing an explanation for why deadlines were consistently missed in this case. In this declaration she points to an excessive workload, family emergencies, staffing shortages in her law firm, and technology issues. Tufariello Decl. at ¶¶ 5-9, ECF No. 35-4. Regarding Plaintiff's discovery responses including voluminous unresponsive documents, Plaintiff's counsel states she was forced to do so because Defendant did not provide her with search terms to narrow her document production. *Id* at ¶ 8i. Counsel also notes that it was

not until March 29, 2022, that the Court explicitly warned Plaintiff's counsel that failure to meet deadlines may result in sanctions including dismissal. *Id* at ¶ 8g.

Defendant now moves for sanctions of default judgment and dismissal of Plaintiff's claims with prejudice for failure to comply with discovery obligations and failure to prosecute.

## DISCUSSION

### I.      FRCP Rule 37 Standard: Failure to Comply with Discovery Obligations.

FRCP Rule 37 outlines a party's avenues for relief in the event that an opposing party fails to make disclosures or otherwise cooperate in discovery. Specific to this case, in the event that a party fails to comply with a court order relating to discovery, the opposing party may seek a default judgment from the court in which the action is pending. Fed. R. Civ. P. 37(b)(2)(A)(vi). The decision to apply sanctions up to and including default judgment or dismissal is one left to the "broad discretion" of the district court. *Residential Funding Corp v. DeGeorge Fin. Corp.*, 306 F.3d 99, 101 (2d Cir. 2002)

Courts in the Second Circuit consider several factors in exercising this discretion, including: "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of . . . noncompliance." *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302-03 (2d Cir. 2009). Dismissal under Rule 37 is appropriate "not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a sanction." *Id* (quoting *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976)).

## II. FRCP Rule 41(b) Standard: Failure to Prosecute

Plaintiffs have an obligation to appropriately prosecute their own case, and when they fail to do so FRCP Rule 41(b) provides an avenue for dismissal of the action. Dismissal for failure to prosecute is, like dismissal for failure to comply with discovery obligations, "a harsh remedy and is appropriate only in extreme situations." *Toliver v. New York City Dept. of Corrections*, 607 F. App'x 109, 110 (2d Cir. 2015). When determining whether dismissal is warranted courts consider whether:

> (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) the plaintiff was given notice that further delay would result in dismissal; (3) the defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against the plaintiff's right to an opportunity for a day in court; and (5) the court adequately assessed the efficacy of lesser sanctions. *Id*.

## III. Application

> a. A Default Judgment Should be Entered Against Plaintiff for Routinely and Willfully Failing to Comply with Discovery Deadlines and Court Orders.

> i.  Plaintiff's Noncompliance has Been Willful.

"Noncompliance is willful where the party has received notice of a court's orders and repeatedly failed to comply." *Davis v. New York*, 17-CV-3863 (MKB)(SJB), 2019 WL 7842400, at *4 (E.D.N.Y. Dec. 3, 2019), *report and recommendation adopted*, 2020 WL 103525 (E.D.N.Y. Jan. 9, 2020) (citing *Coach Inc. v. O'Brien*, No. 10-CV-6071, 2011 WL 6122265, at *3 (S.D.N.Y. Nov. 28, 2011). There can be no doubt that Plaintiff's counsel was aware of the multiple court orders she failed to comply with, indeed she does not deny that fact in any of her briefing.

During the course of this litigation this Court has issued the following orders:

> 1. On May 13, 2021, the Court set an initial discovery schedule including a deadline for completion of Phase I discovery of July 23, 2021. Plaintiff failed to meet this deadline. *See* ECF No. 19

2. On October 21, 2021, Plaintiff's counsel failed to appear for a motion hearing on a motion to amend which Plaintiff filed. This Court ordered Plaintiff to respond by October 29, 2021, explaining counsels' absence, noting that the failure to do so could result in sanctions. Plaintiff failed to comply. *See* ECF No. 25.

3. On January 4, 2022, this Court held a hearing on Defendant's motion to compel discovery. This Court granted the motion, ordering Plaintiff to produce all outstanding discovery by February 4, 2022. Plaintiff failed to comply with that deadline. *See* ECF No. 27.

4. On February 10, 2022, this Court granted Plaintiff an additional two weeks to complete discovery, noting no further extensions would be granted. Plaintiff failed to comply with that deadline. *See* ECF No. 28.

5. On March 2, 2023, Plaintiff was again instructed to turn over outstanding discovery responses and was ordered to provide access to the full database of emails in native format by the end of March 2. Plaintiff was further ordered to provide Bates stamped PDFs within one week. Plaintiff provided access to the email database but failed to provide Bates stamped PDFs as ordered. *See* ECF No. 29.

6. On March 29, 2023, Plaintiff was ordered to produce the documents relevant to Defendant's discovery requests in a Bates stamp format by April 15, 2022. Plaintiff was warned failure to comply with the order could result in sanctions including dismissal. Plaintiff produced Bates stamp documents but did not

narrow the production for relevance, resulting in almost 40,000 documents being turned over to Defendants. *See* ECF No. 30.

Plaintiff's counsel in part points to family emergencies and deaths to explain some of these failures to comply with deadlines. Tufariello Decl. at ¶¶ 6a-f, ECF No. 35-4. The Court offers its sympathies to counsel in this regard. But, putting those instances aside, Plaintiff's counsel blames Defense counsel, technology, short staffing, and her own case load as to why she has consistently failed to comply with the orders of this Court. Yet, what Plaintiff's counsel fails to explain anywhere in her briefing or declaration, is why she was unable to seek the Court's leave to extend deadlines in these instances rather than allowing deadlines to pass. Indeed, in the entire history of this case, Plaintiff has only once moved this Court for additional time, a motion that was filed the day after the relevant deadline had passed. *See* ECF No. 33 (motion filed on September 13, 2022, seeking extension of briefing deadline of September 12).

In light of the caselaw governing this issue, and as Plaintiff's counsel has failed to show any reason why she was unable to even attempt to seek additional time to comply with court orders, I find her failure to comply was willful in this matter.

### ii. Plaintiff's History of Noncompliance is Over a Year Long.

Plaintiff has missed nearly, if not all, deadlines this Court has set between July 23, 2021, and September 12, 2022. In other words, for over a year Plaintiff has failed to comply with court orders. "[D]urations of time as brief as a few months have been held to weigh in favor of dispositive sanctions . . .. And periods of six months or more weigh even more heavily toward such remedies." *Local Union No. 40 of the Intern. Ass'n of Bridge v. Car-Wi Const.*, 88 F.Supp.3d 250, 266 (S.D.N.Y. 2015) (collecting cases). Therefore, I find that the duration of Plaintiff's noncompliance weighs heavily towards dismissal.

### iii.  Lesser Sanctions will not be Effective.

It is clear that no sanction less than dismissal will be effective in this case. Here, despite "warning that [Plaintiff's] case could be dismissed should [it] fail to comply," *Davis*, 2019 WL 7842400, at *5, Plaintiff continued to demonstrate it is unable to abide by Court deadlines and rules. Plaintiff was aware of this Court's order warning that Plaintiff's case may be dismissed yet Plaintiff failed to meaningfully narrow its document production by relevance in any meaningful way. Furthermore, even after Defendant served its briefing papers, in which it was made plain that Defendant was seeking dismissal, Plaintiff failed to timely serve its response and waited until after the deadline had passed to seek an extension from this Court. *See* ECF No. 33.

Furthermore, Plaintiff failed to comply with this Court's individual rules on briefing motions. Section III.B.2. of this Court's individual rules requires all case citations to include pinpoint cites. Going well beyond failing to provide pinpoint citations, Plaintiff largely fails to provide any meaningful citation for the majority of its opposition papers aside from case names. *See, e.g.*, Pl. Opp. Br. at 4-8, ECF No. 35-3. This is precisely the kind of improper burden shifting Defendant accuses Plaintiff of engaging in by dumping thousands of irrelevant discovery responses. By failing to provide any form of citation for the majority of its briefing, Plaintiff asks Defendant—and this Court—to simply "figure it out." Such conduct, done under the looming threat of dismissal, is indicative that nothing short of dismissal may curb Plaintiff's failure to comply with court orders and rules going forward.

### iv.  Plaintiff has Been Warned of the Possibility of Dismissal for Failure to Comply with Discovery Obligations.

Plaintiff has twice been warned that failure to comply with court orders could result in sanctions. On October 21, 2021, the Court ordered Plaintiff's counsel to explain why she failed to

appear at a hearing scheduled before this Court. ECF No. 25 In that order, Plaintiff was warned that failure to comply could result in "appropriate sanctions." *Id*.

Then, to further alleviate any ambiguity on the matter, Plaintiff was ordered on March 29, 2023, to re-produce its previous discovery response but to limit the response to documents relevant to Defendant's discovery requests. ECF No. 30. The Court warned that failure to do so could result in sanctions including dismissal. *Id.* While Plaintiff made a production by the deadline, Plaintiff failed to narrow the documents produced to only responsive documents and instead produced *more* files than had been previously produced. Def. Br. at 9, ECF No. 35-1. Within over 20 gigabytes of data are numerous emails marked conspicuously as spam, calendar invites, blank pages, and pages containing shapes rather than any relevant text. *Id* at 12. None of these can reasonably be considered relevant. This improper nature of a document dump should have been clear to Plaintiff as "[i]t is well-settled that a producing party cannot unilaterally shift the burden and expense of complying with its discovery obligations to its opponent by simply dumping large quantities of unrequested materials onto the discovering party." *Joint Stock Company Cannel One Russia Worldwide v. Infomir LLC*, No. 16-CV-1318 (GBD) (BCM), 2019 WL 4727537, at *23 (S.D.N.Y. Sept. 26, 2019) (citations and internal quotations omitted). And yet, that is precisely what Plaintiff appears to have done here.

In response, Plaintiff seeks to blame Defendant's counsel, alleging he failed to provide search terms to guide Plaintiff's efforts to narrow the total number of emails down to only responsive documents. Pl. Opp. Br. 2-3, ECF No. 35-3. Plaintiff further argues that providing fully searchable documents, sortable by metadata fields in a folder structure ordered by the custodian has been found to be sufficient to avoid sanctions. *Id* at 8.

To the first point, Defendant denies Plaintiff's allegation, arguing that the parties reached an agreement on search terms during Phase I discovery. Margiotta Reply Decl. at ¶¶ 2-5, ECF No. 35-6. Ultimately, whichever party is correct on this issue is irrelevant. Far from having "no choice" but to engage in an impermissible data dump, Plaintiff had ample time to seek to compel Defendant to provide search terms but fails to explain why it failed to do so. *See* Pl. Opp. Br. at 2, ECF No. 35-3. And—at a more fundamental level—Plaintiff offers no explanation as to why Defendant's discovery request itself was insufficient to determine which emails would or would not be responsive. At a minimum, Defendant's request should have been sufficient to remove spam and blank emails from Plaintiff's discovery response.

As to Plaintiff's second defense, while counsel cites to caselaw to argue that providing fully searchable documents, sortable by metadata fields in a folder structure ordered by custodian has been found to be sufficient to avoid sanctions, Plaintiff never once argues that the documents *in this case* were produced in such a manner. *Id* at 8. Defendant certainly denies that the emails were produced in such a manner, and even a cursory glance at the cases Plaintiff cites to shows that they are largely irrelevant. On one hand, every case Plaintiff points to in support of this premise comes from outside of this Circuit. On the other, these cases are easily distinguished on the merits as well. Take, for example, *Spilker v. Medtronic, Inc.*, No. X, 2015 WL 1643258 (E.D.N.C. Apr. 13, 2015). In that case, the court denied Plaintiff's motion to compel seeking a document index for Defendant's discovery production because "fully searchable documents, sortable by metadata fields, in a folder structure organized by custodian . . . is sufficient to satisfy the requirements for document production of ESI under Rule 34." *Spilker*, 2015 WL 1643258, at *5. However, missing from that case is any assertion that Defendant provided thousands of irrelevant documents as is the case here. Plaintiff has not only failed to show that the documents

were produced in a manner consistent with *Spilker,* but also Plaintiff does not even attempt to argue that the submission was limited to relevant documents as this Court ordered. *See id*.

I therefore find that Plaintiff failed to comply with this Court's March 29, 2023, order in which Plaintiff was warned that failure to comply could result in a recommendation of dismissal.

> v.   <u>On Balance, each Factor Weighs in Favor of Dismissal Here.</u>

Having examined each factor, it is clear that Plaintiff's conduct warrants dismissal in this case. Plaintiff's argument against dismissal relies on a list of cases outlined in its briefing. While Plaintiff does not provide citations to these cases, Plaintiff essentially argues that the cases cited detail worse behavior than is at issue here, and so dismissal is inappropriate. *See* Pl. Opp. Br. at 4-8, ECF No. 35-3. However, Plaintiff wholly fails to respond to any cases cited by Defendant in which analogous behavior resulted in dismissal.

By way of example, Defendant points to *Battiste-Downie v. Covenant House*, in which the Second Circuit affirmed the dismissal of an action where Plaintiff "repeatedly defied discovery orders, despite . . . explicit instructions on several occasions that she was to respond . . . or face sanctions." 471 F. App'x 78, 79 (2d Cir. 2012). The Court went on to note that "the efficacy of lesser sanctions . . . is doubtful, given that Battiste-Downie refused to respond to the discovery demands even after being ordered repeatedly . . . to do so. [And] Plaintiff-Appellant persisted in her noncompliance for approximately one year." *Id*.

Additionally, in *Davis v. City of New York,* this Court dismissed plaintiff's claim where he "failed to appear at three pretrial conferences and failed to obey three separate court orders." 2019 WL 7842400, at *4. In *Coach, Inc. v. O'Brien*, the Southern District granted default judgment against a defendant who failed to comply with multiple discovery requests and court orders and

ultimately failed to respond to a show cause order as to why default should not be entered against the defendant. 10-CV-6071 (JPO)(JLC), 2011 WL 6122265, at *4 (S.D.N.Y. Nov. 28, 2011).

Admittedly, none of these cases shares an identical fact pattern to the case at hand, but the Court is satisfied that dismissal is appropriate in light of this case law. This is especially true as each of the cases listed above involved a *pro se* defaulting party. "Although *pro se* claimants have no more right than other litigants to ignore orders of the court, they must at least be made aware of the legal consequences of their actions." *Baba v. Japan Travel Bureau Int'l, Inc.*, 165 F.R.D. 398, 403 (S.D.N.Y. 1996). Plaintiff's counsel, admitted to practice in this District, should have been aware of the potential consequences for failure to comply with court orders and has still comported herself in a manner analogous to *pro se* parties. Plaintiff has repeatedly failed to comply with court orders despite warnings that continued failure to do so could result in sanctions including dismissal. This failure has continued for over a year and Plaintiff's conduct makes plain that no lesser sanction would be effective. This Court has given Plaintiff every opportunity to comply with my directives and Plaintiff has, at almost every stage, failed to do so. In light of this, I recommend this Court dismiss Plaintiff's action with prejudice for failure to comply with discovery obligations.

    b. *Plaintiff's Claims Should Also be Dismissed for Failure to Prosecute.*

This Court has already discussed each of the factors for dismissal under Rule 41(b) above with the exception of prejudice to the defendant and the balance of the need to manage this Court's calendar with the right of a plaintiff to have their day in Court. The Court now examines each of these additional factors.

    i.    <u>Further Delay will Prejudice Defendant.</u>

Plaintiff's conduct has clearly prejudiced Defendant, and any further delay will continue to do so. Courts in this District have routinely found prejudice when a party has had to spend extensive time and resources to obtain basic discovery responses. *See, e.g.*, *State Farm Mut. Auto. Ins. Co. v. Grafan*, 274 F.R.D. 442, 450 (E.D.N.Y. 2011). Defendants have spent months seeking basic fact discovery in this case and even after a successful motion to compel, Plaintiff failed to timely provide its responses. Furthermore, when documents were finally turned over, Plaintiff engaged in an impermissible document dump of approximately 40,000 files. Margiotta Decl. at ¶ 13, ECF No. 35-2. As discussed previously, Plaintiff cannot unilaterally shift the burden of its discovery obligations onto Defendant in such a manner. *See Joint Stock Company Cannel One Russia Worldwide,* 2019 WL 4727537, at *23.

Plaintiff has already unduly delayed this action for months. "[A]s litigation drags on, evidence can be lost and discovery becomes more difficult." *Montanez-Garcia v. City of New York*, 16-CV-6479 (LAP), 2018 U.S. Dist. LEXIS 106807, at *5-6 (S.D.N.Y. June 25, 2018). This Court simply has no faith at this stage that an additional order directing Plaintiff to comply with its obligations would be meaningfully observed. Thus, any further delay would prejudice Defendant.

      ii.    <u>The Court's Need to Manage its Case Load Outweighs Plaintiff's Right to a Day in Court in this Instance.</u>

Courts in this Circuit have often found the balance of this final factor weighs in favor of the Court's need to manage its caseload in instances where all other factors favor dismissal. *See Draeger v. City of New York*, 17-CV-3059 (JPO), 2017 WL 5624274, at *2 (S.D.N.Y. Nov. 20, 2017); *Singleton v. City of New York*, No. 14-CV-9355 (DLC), 2015 WL 9581781, at *2 (S.D.N.Y. Dec. 30, 2015). As outlined above, all other factors weigh in favor of dismissal in this case. Thus, I accordingly recommend this action be dismissed for failure to prosecute.

## CONCLUSION

For the reasons set forth above, this Court recommends that Defendant's motion be GRANTED and Plaintiff's action be dismissed with prejudice.

## OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Marcella v. Capital Dist. Physicians' Health Plan, Inc.*, 293 F.3d 42, 46 (2d Cir. 2002); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

**SO ORDERED.**

/s/ Steven Tiscione
Steven L. Tiscione
United States Magistrate Judge
Eastern District of New York

Dated: Central Islip, New York
August 25, 2023